**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 16 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESUS RIMALDO PEDRAZA PIMENTEL, | No. 22-361 |
| Petitioner, | Agency No. A208-157-094 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2023**
Portland, Oregon

Before: RAWLINSON and SUNG, Circuit Judges, and RAKOFF, District
Judge.***

Petitioner Jesus Rimaldo Pedraza Pimentel petitions this court for review

of the Board of Immigration Appeals' (BIA) decision dismissing his appeal of

the Immigration Judge's (IJ) denial of Petitioner's applications for asylum,

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(d). The BIA cited *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and did not express any disagreement with the IJ's decision. Therefore, we review the IJ's decision as if it were the BIA's. *Cinapian v. Holder*, 567 F.3d 1067, 1073 (9th Cir. 2009). For the reasons below, we deny the petition.

1. Substantial evidence supports the denial of asylum and withholding of removal because the record does not compel the conclusion that Petitioner has a well-founded fear of future persecution or faces a clear probability of future persecution, as required to establish eligibility for asylum or withholding of removal.[1] When determining whether Petitioner experienced past persecution, the IJ should have considered the surveillance of Petitioner and the forced recruitment of his brother from the perspective of a 15-year-old. *See Hernandez-Ortiz v. Gonzales*, 496 F.3d 1042, 1045 (9th Cir. 2007). But, even assuming Petitioner's experiences rose to the level of past persecution when taking Petitioner's age into account, Petitioner would not benefit from a rebuttable presumption of future persecution. *See Garcia-Martinez v. Ashcroft*, 371 F.3d 1066, 1073 (9th Cir. 2004). In *Parada v. Sessions*, the court explained

---

[1] We review the agency's factual findings, including whether Petitioner experienced past persecution or has shown a likelihood of future persecution, for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc).

that "[t]he presumption only applies to fear of persecution on the basis of the original claim." 902 F.3d 901, 911–12 (9th Cir. 2018). At his merits hearing, Petitioner testified that he believed the cartels surveilled him in order to control his brother; he did not believe that the cartels were trying to recruit him. On appeal, Petitioner frames his fear of future persecution solely in terms of his own potential recruitment by cartels. Because Petitioner's fear of future persecution is distinct from his alleged past persecution, any presumption of a likelihood of future persecution would not apply.

Even if Petitioner could benefit from a rebuttable presumption of future persecution, the record clearly rebuts that presumption. Petitioner's parents and siblings (including two brothers) continue to live in his hometown and have not been targeted by cartels. And both Petitioner and his brother Alberto are now older than those the cartels tend to recruit.

2. Substantial evidence also supports the agency's denial of relief under CAT because the record does not compel the conclusion that Petitioner would more likely than not be tortured if he were to return to Mexico. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022). The record shows that Petitioner fears general criminal violence and lawlessness in Mexico, which is not enough to show entitlement to CAT relief. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

**PETITION DENIED.**